## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALLMARK INDUSTRIES, INC., | Civil Action No. |
| Plaintiffs, | 17-4886 (SDW) (LDW) |
| v. | **REPORT AND RECOMMENDATION** |
| HALLMARK LICENSING, LLC, | |
| Defendant. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction and improper venue. ECF No. 7. Plaintiff opposes the motion. ECF No. 9. The Honorable Susan Davis Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' written submissions and oral argument before the Court, and for good cause shown, the Court recommends that defendant's motion to dismiss for lack of personal jurisdiction and improper venue be **GRANTED**.

### I.     BACKGROUND

Plaintiff Hallmark Industries, Inc. is a New Jersey corporation engaged in the manufacture, marketing, sale, and wholesale distribution of jewelry. Complaint ("Compl."), ECF No. 1 ¶¶ 4, 10. Defendant Hallmark Licensing, LLC is a Kansas limited liability company with a principal place of business in Kansas City, Missouri. ECF No. 7-1 ¶ 2. It is a wholly owned subsidiary of Hallmark Cards, Inc., and owns and licenses various marks that include the HALLMARK mark and Crown logo *Id.* ¶ 10.

This action is primarily an appeal from a final decision of the Trademark Trial and Appeal Board ("TTAB") that denied plaintiff registration of Application Nos. 77457422 and 77666333 to

use the words HALLMARK and HALLMARK925 on jewelry products, on the basis that the applications were likely to be confused with two of defendant's registered marks, HALLMARK RINGS and HALLMARK DIAMONDS.  *See* Compl. ¶¶ 2, 28-29; *Hallmark Licensing, LLC v. Hallmark Industries, Inc.*, Opposition No. 91211392 (T.T.A.B. May 3, 2017).   In addition to seeking reversal of the TTAB's decision, plaintiff seeks a declaratory judgment that it, not the defendant, is the owner of the HALLMARK RINGS and HALLMARK DIAMONDS marks. Plaintiff further asserts claims against defendant for trademark infringement, false designation of origin, counterfeiting, common law and statutory unfair competition, deceptive acts and practices, and tortious interference with economic advantage.

The underlying dispute turns largely on whether plaintiff or defendant owns the HALLMARK DIAMONDS and HALLMARK RINGS marks.   Plaintiff alleges that its predecessor in interest, Diastar, Inc., owned these marks and that it acquired the registrations from Diastar prior to the latter's filing for bankruptcy in 2008. Compl. ¶¶ 31, 34, 35. Plaintiff charges that defendant wrongfully sought to acquire the registrations for these marks from an entity known as Rosenthal & Rosenthal ("R&R").  *Id.* ¶¶ 31-38.  Plaintiff contends that defendant "knew or should have known that R&R did not own [plaintiff's] Marks at the time it purported to purchase these marks from R&R" and that defendant "sought to 'purchase' [plaintiff's] Marks from R&R solely in order to manipulate the TTAB proceeding and give the false impression to the TTAB" that it owned the registered marks. *Id.* ¶¶ 38-39.

In July 2013, plaintiff filed its applications for HALLMARK and HALLMARK925.  *Id.* ¶¶ 27-29.   Defendant opposed the applications, alleging likelihood of confusion with the HALLMARK DIAMONDS and HALLMARK RINGS marks it claims to have acquired from R&R.  *Id.* ¶ 31.  In May 2017, the TTAB granted summary judgment to defendant, finding

plaintiff's applications were likely to cause confusion with defendant's marks. *See Hallmark Licensing, LLC v. Hallmark Industries, Inc.*, Opposition No. 91211392, (T.T.A.B. May 3, 2017).

Plaintiff subsequently filed this action in July 2017, and defendant filed the instant motion to dismiss in September 2017. ECF No. 7. This Court heard oral argument of the motion on January 11, 2018, and reserved decision.

## II.    DISCUSSION

Defendant moves to dismiss on the grounds that this Court lacks personal jurisdiction over it and based on improper venue. For the reasons set forth below, the undersigned recommends the District Court find that plaintiff has not met its burden to show personal jurisdiction exists over defendant and that venue is improper.

### A.  Personal Jurisdiction

#### 1. Legal Standard

When a defendant challenges a Court's exercise of personal jurisdiction, the plaintiff bears the burden to prove that jurisdiction is proper. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330–31 (3d Cir. 2009). Where the district court does not hold an evidentiary hearing, plaintiff must establish only a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Under a *prima facie* standard, "the plaintiff's allegations are presumed true and all factual disputes are resolved in the plaintiff's favor." *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 476 (3d Cir. 2011). A plaintiff meets this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (quoting *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Once the motion is made, however, and plaintiff's allegations are challenged by affidavits or other evidence, "plaintiff must

respond with actual proofs, not mere allegations." *Patterson by Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citation omitted); *see also Metcalfe*, 566 F.3d at 330 ("'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'") (quoting *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). Plaintiff must ultimately prove the existence of jurisdiction by a preponderance of the evidence, although such a showing is unnecessary at the preliminary stages of litigation. *LaSala*, 410 F. App'x at 476; *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992); *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016)

This Court exercises jurisdiction to the extent permitted by New Jersey law. *See Miller Yacht Sales*, 384 F.3d at 96 (citing Fed. R. Civ. P. 4(e)). New Jersey's long-arm statute permits the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." *Charles Gendler Co. v. Telecom Equity Corp.*, 102 N.J. 460, 469 (1986) (quoting *Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971)). Therefore, "we ask whether, under the Due Process Clause, the defendant has certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (internal quotation marks omitted).

Personal jurisdiction may be based on either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1780 (2017). "A court with general jurisdiction may hear *any* claim against that defendant," *id*, and the defendant's "contacts need not relate to the subject matter of the litigation." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, n.9 (1984). General jurisdiction over a defendant exists in the forum of an individual's

domicile and the forum "in which [a] corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

Specific personal jurisdiction, on the other hand, exists where the claims "aris[e] out of or relate[] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Helicopteros*, 466 U.S. at 414, n.8). The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists: (1) the defendant must have "purposefully directed [its] activities at the forum"; (2) the litigation must "arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *O'Connor*, 496 F.3d at 317.

When an intentional tort is alleged, the plaintiff may alternatively establish specific jurisdiction through the "effects test," pursuant to *Calder v. Jones*, 465 U.S. 783 (1984), which allows a court to "exercise jurisdiction over a non-resident defendant who acts outside the forum state to cause an effect upon plaintiff within the forum state." *Carteret Savings Bank v. Shusan*, 954 F.2d 141, 148 (3d Cir. 1992). This test requires plaintiff to demonstrate:

1) The defendant committed an intentional tort;

2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]

3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).

### 2. General Jurisdiction

The Court first determines whether plaintiff has demonstrated the existence of general personal jurisdiction over defendant. This turns on whether defendant's "'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear Dunlop*, 564 U.S. at 919). In all but "exceptional

case[s]," a corporation is subject to general jurisdiction only in its place of incorporation and its principal place of business. *Id.* at 760, 761 n.19

Here, defendant is neither incorporated nor has its principal place of business in New Jersey, the paradigm places in which a defendant is "at home." Nor does the Court find this to be the "exceptional case" in which the defendant's contacts with New Jersey are "so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 761 n.19. Defendant submits a declaration attesting to its lack of presence in this State. It represents that it has never owned or leased real property in New Jersey, has never had an office, mailing address, telephone number, bank account, or employees in the State, and was never registered to do business in New Jersey. *See* ECF No. 7-1.

Plaintiff does not meet its burden to respond to defendant's declaration "with actual proofs, not mere allegations" that defendant's contacts with New Jersey are so significant as to render it "at home" here. *Patterson by Patterson*, 893 F.2d at 604. It merely argues that defendant made representations in a pleading filed in the United States District Court for the Eastern District of New York ("EDNY") that it sells products throughout the United States, including in its Gold Crown stores, some of which are located in New Jersey. *See* Plaintiff's Opposition ("Pl. Opp."), ECF No. 9, at ECF pp. 12-13. Examination of the EDNY pleading, however, reveals that there are no representations as to this particular defendant's contacts with New Jersey, much less any that meet the high bar necessary to establish general jurisdiction. While the pleading does aver sales of Hallmark products "throughout the United States in Hallmark specialty stores and in other retail outlets," it does not attribute these sales to this defendant. Rather, it is averred that "HALLMARK [defined as defendant *and* Hallmark Marketing Company, LLC] *and its related companies"* sell products under the HALLMARK trademark. See ECF No. 9-1 at ECF pp. 18,

20. Further, defendant has submitted sworn declarations attesting that it sells no products in Gold Crown stores in New Jersey or anywhere else, as its sole business is the licensing of intellectual property. *See* ECF No. 7-1 ¶¶ 8, 13.

The proofs before the Court demonstrate that plaintiff has failed to sustain its burden of demonstrating a *prima facie* basis for general personal jurisdiction over defendant. *Cf. Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) (finding general jurisdiction over Philippines corporation that temporarily relocated its principal place of business to forum state). This is not the "exceptional case" contemplated by the Supreme Court of the United States in *Daimler* where the defendant's contacts with the forum are so substantial and continuous that the defendant is essentially "at home" in New Jersey. *See Daimler*, 134 S. Ct. at 761.

### 3. Specific Jurisdiction

The Court next considers whether specific jurisdiction exists in that defendant has "purposefully directed [its] activities at the forum," the litigation "arise[s] out of or relate to at least one of those activities," and the exercise of jurisdiction "otherwise comport[s] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317. Plaintiff asserts defendant is subject to specific jurisdiction in New Jersey for four reasons: (1) defendant licensed its trademarks to New Jersey companies and thus "passing off" allegedly occurred in the forum; (2) defendant allegedly operates an interactive website available in New Jersey; (3) defendant engaged in communications with the New Jersey plaintiff for purposes of dispute resolution; and (4) and defendant's purported purchase from R&R of the HALLMARK DIAMONDS and HALLMARK RINGS marks caused harm directed at New Jersey. *See generally* Pl. Opp.

The Court first addresses plaintiff's assertion of specific jurisdiction based on defendant's alleged licensing of marks to New Jersey companies that in turn sell allegedly infringing products

in New Jersey.  While plaintiff accurately notes that "in cases involving trademark infringement, the wrong takes place where the 'passing off' occurs," Pl. Opp. at 9, plaintiff does not provide any proofs that this lawsuit arises out of defendant's activities in the forum.  As an initial matter, defendant submits sworn proofs, not contradicted by any evidence offered by plaintiff, that it sells no products in this forum or elsewhere, being only a licensing entity.  ECF No. 7-1 ¶ 8.   A declaration from Vernon D. Clements, a Tax Manager for Hallmark Cards, Inc., explains that defendant licenses marks to a separate entity, Hallmark Marketing Company, LLC, which in turn grants sub-licenses to Hallmark Gold Crown stores, ten of which are in New Jersey and owned by Hallmark Retail, LLC.  *Id.* ¶ 13.  Any allegedly infringing product sold in the forum, therefore, has not been shown by plaintiff to be defendant's product.  As the Federal Circuit stated in *Red Wing Shoe Co. v. Hockerson–Halberstadt, Inc.*, "doing business with a company that does business in [the forum] is not the same as doing business in [the forum]."  14 F.3d 1355, 1361 (Fed. Cir. 1998).[1]  Therefore, plaintiff has not shown that defendant has engaged in "passing off" in the forum that would create a basis for specific personal jurisdiction over it.

      To the extent that plaintiff further argues that defendant is nevertheless responsible for "passing off" in New Jersey due to its licensing of infringing parties in the State, plaintiff again fails to provide the requisite proofs to support its position.  Defendant's declarations represent that

---

[1]      Federal Circuit law applies to district court determinations of subject matter jurisdiction in patent cases.  *SDS USA, Inc. v. Ken Specialties, Inc.*, Civ. No. 99-133 (WHW), 2002 WL 31055997, at *3 (D.N.J. Aug. 28, 2002).  Although this case concerns trademarks, district courts in this Circuit also have applied Federal Circuit law to declaratory judgment cases involving trademarks.  *See, e.g., Panda Apparel, LLC v. Spirit Clothing Co., Inc.*, Civ. No. 14-5514 (JLL), 2015 WL 5255249 (D.N.J. Sept. 8, 2015).  Other Circuits also have observed "that [the] 'principles applicable to declaratory judgment actions involving patents are generally applicable with respect to trademarks.'"  *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 96 (2d Cir. 2011).

defendant does not directly license its intellectual property to any New Jersey companies.[2]  *See*
ECF No. 7-1.  Rather, defendant licenses its trademarks to Hallmark Marketing Company, LLC,
which grants sub-licenses to Hallmark stores in New Jersey.  *Id.* ¶ 13.  Defendant also represents
that it grants intellectual property licenses to manufactures and distributors, "which in turn sell to
retailers such as Walmart, JC Penny, Kohl's, and QVC."  ECF No. 7-2 ¶ 3.  It further states that
none of its license agreements were made in New Jersey.  *Id.* ¶ 2.

    Plaintiff's mere allegation that Hallmark Licensing has licensees located throughout the
forum is insufficient to overcome these proofs submitted by defendant.   To rely solely on
allegations after a jurisdictional defense is raised and supported with evidence from the defendant
does not satisfy the requirement that plaintiff "respond with actual proofs, not mere allegations."
*Mitzi Int'l Handbags & Accessories, Ltd. v. Alliances Sales & Distrib., Inc.*, Civ. No. 11-2875
(CCC) (JAD), 2012 WL 12906482, at * 2 (D.N.J. Feb. 10, 2012) (citations omitted).

    Plaintiff next argues defendant's purported interactive website confers this Court with
jurisdiction over defendant.  *See id.* at 8.  Plaintiff submitted a declaration of its counsel that
attached a "printout of the Hallmark Card's interactive website," ECF No. 9-1 ¶ 1, and contended
at oral argument that defendant is active in the website's operation.   Contrary to plaintiff's
assertions, defendant's declarations state that while it owns the domain name "hallmark.com," it
grants a license for its use to Hallmark.com, LLC, and users cannot interact with defendant through
the website.  *See* ECF Nos. 7-1, 7-2.  Once again, plaintiff has failed to rebut defendant's assertions

---

[2]      Defendant acknowledges it once granted a license for designs, fonts and lettering to a New
Jersey company for a licensing fee of $600 but that the now-expired license was entered into in
Missouri.  *See* ECF No. 7-2 ¶ 6.  As this minimal contact with New Jersey appears unrelated to
this lawsuit, it does not impact the Court's analysis of jurisdiction.

with a scintilla of contrary evidence, relying only on allegations and arguments to oppose defendant's proofs.

Plaintiff's further attempts to base specific personal jurisdiction on remote communications between the parties in 2013 is similarly unavailing. Plaintiff asserts defendant reached out to it in New Jersey through a series of emails and phone calls in 2013 "to discuss a proposal where [plaintiff] would sell its marks to [defendant]." Pl. Opp. at 7, ECF No. 9-2. The several emails between the parties in 2013 that plaintiff submitted to the Court, however, contradict plaintiff's claim that defendant sought to purchase marks from plaintiff; rather, defendant proposed a use of the marks by each party that would allow them to "mutually coexist" without "damaging the interests of the other in any way." ECF No. 9-2 at ECF p. 6. In any event, the Court cannot find that this lawsuit arises out of these communications, which were plainly designed to resolve, not foster, any potential dispute. To hold otherwise also would be contrary to the judicial policy favoring settlement. *See Red Wing*, 148 F.3d at 1361 ("Although the Rules do not explicitly make evidence of such negotiations inadmissible to establish personal jurisdiction, the policy underlying the Rules supports an approach that fosters settlement of infringement claims.") (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)); *Digi—Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.*, 89 F.3d 519, 524 (8th Cir. 1996) ("[C]ourts have hesitated to use unsuccessful settlement discussions as 'contacts' for jurisdictional purposes."). Accordingly, the Court finds defendant's attempt to negotiate an informal resolution between the parties is insufficient to confer jurisdiction on this Court.

Finally, plaintiff contends defendant intentionally interfered with its economic advantage by "illicitly" purchasing the HALLMARK RINGS and HALLMARK DIAMONDS marks from R&R. Pl. Opp. at ECF p. 11. Where, as here, plaintiff alleges an intentional tort, personal

jurisdiction may be established pursuant to the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). *See Remick v. Manfredy*, 238 F.3d 248, 260 (3d Cir. 2001) (applying the effects test to a claim of tortious interference). "Only if the 'expressly aimed' element of the effects test is met need we consider the other two elements." *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). "To establish that the defendant 'expressly aimed' his conduct, the plaintiff has to demonstrate 'the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its *tortious conduct* at the forum.'" *Id.* (quoting *IMO Indus.*, 155 F.3d at 266) (emphasis added).

While defendant does not dispute that it knew plaintiff was located in New Jersey, "knowledge that the plaintiff is located in the forum . . . alone is insufficient to satisfy the targeting prong of the effects test." *IMO Indus.*, 155 F.3d at 266. Rather, personal jurisdiction exists when the forum of plaintiff's residence is "the focus of the activities of the defendant out of which the suit arises." *Marten*, 499 F.3d at 298 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984)). Defendant's only demonstrated contacts with the forum are its phone and email communications with plaintiff in a failed attempt at settlement. The tortious conduct plaintiff alleges consisted of defendant's purchasing intellectual property from R&R, a transaction plaintiff does not even contend took place in New Jersey. Therefore, plaintiff has not pointed to specific activity demonstrating that defendant expressly aimed its alleged tortious conduct at the forum in the manner required to establish jurisdiction under the *Calder* effects test. Accordingly, the Court finds no grounds upon which to exercise personal jurisdiction over defendant.

## B. Venue

Defendant further moves to dismiss for improper venue, arguing that there is no basis for venue in this jurisdiction because it neither resides in this District nor did a substantial portion of the events giving rise to this action occur here.  The Court agrees.

The applicable bases for venue in this District would be the defendant's residing here or this District being the forum in which "a substantial part of the events or omissions giving rise to the claim occurred."  *See* 28 U.S.C. § 1391(b)(1) & (2).[3]  First, defendant does not reside in New Jersey.  The residency of defendant for purposes of the venue statute is "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  *Id.* § 1391(c)(2).  As it is recommended that the District Court find that personal jurisdiction over defendant is absent in this District, it is further recommended that the Court find that defendant does not reside in New Jersey within the meaning of the venue statute.  Second, as found with respect to the above analysis on specific personal jurisdiction, plaintiff's claims also do not arise out of any substantial events or omissions that occurred in New Jersey.  Therefore, it is respectfully recommended that the District Court find that this District lacks venue over this action and that defendant's motion to dismiss for improper venue therefore be granted.

## III.   CONCLUSION

For the foregoing reasons, the Court recommends that defendant's motion to dismiss this action (ECF No. 7) for lack of personal jurisdiction and improper venue be **GRANTED**.  The

---

[3] Subsection (b)(3) of the venue statute applies only "if there is no district in which an action may otherwise be brought."  28 U.S.C. § 1391(b)(3).  As defendant acknowledges venue would be proper "in the District of Kansas, where it is incorporated, and in the Western District of Missouri, where its headquarters and principal place of business are located," ECF No. 7-3 at ECF p. 15, this subsection of the venue statute is inapplicable due to the existence of another venue in which the action may properly be brought.

parties are hereby advised that, pursuant to Fed. R. Civ. P. 73(b)(2), they have 14 days after being

served with a copy of this Report and Recommendation to serve and file specific written objections

to the Honorable Susan D. Wigenton, U.S.D.J.

Dated:  February 15, 2018

_Leda Dunn Wettre_

**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:      Clerk of the Court
      cc:      Hon. Susan D. Wigenton, U.S.D.J.
               All Parties